USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/6/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MACSTEEL INTERNATIONAL USA CORP.,

                Plaintiff,

-against-

M/V CHIPOLBROK MOON, her engines, boilers, etc., CHIPOLBROK MOON MARITIME LTD. and CHINESE-POLISH JOINT STOCK SHIPPING CO.,

                Defendants.

**ORDER**

08 Civ. 10937 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        On January 20, 2009, the Court denied Plaintiff Macsteel International USA Corp.'s request for an ex parte order for Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules For Admiralty Or Maritime Claims And Asset Forfeiture Actions ("Rule B"). The Court found that Plaintiff had not met Rule B's requirements because the Complaint did not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). The allegations in the Complaint were insufficient in two respects: (1) they did not show that it is plausible to believe that these Defendants' property will be "in the hands of" the garnishees in the Southern District of New York at the time the requested writ of attachment is served or during the time that service is effective, and (2) they did not provide a factual basis for Plaintiff's assertion that it suffered $600,000.00 in damages.

The Court gave Plaintiff until January 30, 2009 to file an Amended Verified Complaint correcting these deficiencies or to show cause by affidavit why the action should not be dismissed without prejudice. Plaintiff submitted an Amended Verified Complaint on January 26, 2009.

With respect to damages, the Amended Verified Complaint adds the following: "A survey was conducted by William Erhard, a marine surveyor with Trident Marine Surveys. Mr. Erhard concluded, based on his observations and experience as a surveyor, that the total estimated damages to the subject cargo to be $800,000." (Id. ¶ 8) Plaintiff also submitted a declaration from Mr. Erhard. The Court finds that this allegation, and the declaration from Mr. Erhard, provide a sufficient factual basis for Plaintiff's claim to damages.

With respect to the location of Defendants' property, the Amended Verified Complaint states (id. ¶ 5):

> Defendants Chipolbrok Moon Maritime Ltd. and Chinese-Polish Joint Stock Shipping co. are the owner and charterer of the subject vessel, respectively. At and during all the times hereinafter mentioned, each of the said defendants have engaged in the business of operating the vessel for hire and have collected and/or paid monies associated with the operation of the vessel, including freight and demmurage. Upon information and belief, these payments have been made via wire transfer necessarily requiring funds to be transferred into or through intermediary banks located in the City of New York. Upon information and belief, such payments associated with the operation of the vessel will continue to be made requiring the defendants will continue to operate this vessel in the future, and future payments will necessarily be deposited with said intermediary banks located in New York.

The Court is not satisfied that Plaintiff's "information and belief" allegations provide a sufficient factual basis to demonstrate the plausibility of Plaintiff's claim that the particular defendants in this case will in fact have property in this District in the hands of specified garnishees at the time the requested Rule B order is served on

2

those garnishees. Therefore, the Court denies Plaintiff's renewed request for a Rule B order. The Court will reconsider Plaintiff's request if, on or before February 13, 2009, Plaintiff submits: (1) an affidavit setting forth the factual basis for Plaintiff's new allegations "on information and belief," or (2) a letter brief identifying persuasive legal authority that demonstrates the sufficiency of Plaintiff's allegations. If Plaintiff makes no submission, and does not show cause by affidavit on or before February 13, 2009 why this action should not be dismissed, the Court will dismiss the action without prejudice.

Dated: New York, New York
February 5, 2009

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge